SLIP OPINION

Cite as 2015 Ark. 395

# SUPREME COURT OF ARKANSAS

No. CR–15–95

|  |  |
|---|---|
| | **Opinion Delivered** October 29, 2015 |
| MARCUS EDWARD CLAY<br>APPELLANT | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NOS. 27CR93-5-1; 27CR-93-1; 27CR93-28-1; 27CR93-30-1; 27CR93-7-1] |
| V. | |
| | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | <u>SUPPLEMENTAL OPINION ON DENIAL OF REHEARING</u>. |

**JOSEPHINE LINKER HART, Associate Justice**

In response to Marcus Edward Clay's petition for rehearing, the State cites to Clay's reply brief and writes that it "agrees with [Clay] that the Court mistakenly stated that he did not cite any evidence in the record that he *continued* to suffer any collateral consequences from his convictions, as he did cite his own testimony that his convictions were causing him *current* immigration problems." (Emphasis added.)

The State is wrong. Clay filed in 2009 an amended petition for writ of error coram nobis, and at a hearing held on July 1, 2009, Clay testified that because of his felony convictions, Canada would not allow him to immigrate. Thus, in 2009, Clay arguably suffered collateral consequences from his felony convictions. His petition was denied by the circuit court, and no appeal was perfected from the court's order.

Clay filed a new petition in 2011, which he amended in 2013. At a 2014 hearing on

the 2013 petition, Clay did not present any testimony regarding his ability or inability to immigrate to Canada. Simply put for the State, Clay did not testify at the 2013 hearing that he currently suffered any collateral consequences, such as the continued inability to immigrate to Canada. Thus, as we stated in our opinion, Clay "does not cite to evidence in this record that, at the time of the hearing on his 2013 amended petition, he *continued* to suffer any collateral consequences." (Emphasis added.) Accordingly, the State's concession of a mistake of fact in the court's opinion was unwarranted.

Rehearing denied.

DANIELSON, J., would deny the petition for rehearing without a supplemental opinion.